IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DI ANN SANCHEZ, §
 §
      Plaintiff, §
 §
VS. § NO. 4:09-CV-373-A
 §
DALLAS/FORT WORTH §
INTERNATIONAL AIRPORT BOARD, §
 §
      Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for summary judgment of defendant, Dallas/Fort Worth International Airport Board. After having considered such motion, its supporting brief and appendix, the response of plaintiff, Di Ann Sanchez, and her supporting brief and appendix, the summary judgment record as a whole, and pertinent legal authorities, the court has concluded that such motion should be granted, and that plaintiff's claims and causes of action should be dismissed.

I.

Background

Plaintiff served as a vice president of human resources in the employ of defendant from April 25, 2005, until June 17, 2008,

when her employment was terminated. The chief executive officer of defendant, Jeffrey P. Fegen, advised plaintiff when he told her of the termination of her employment that the decision was based on his loss of confidence in her ability effectively to serve as a vice president of defendant, adding that "[t]his loss of confidence is the result of a number of factors including evidence of poor judgment, inappropriate personal use of Airport personnel, lack of alignment with the organization, and your refusal to work with your immediate supervisor." Mot., App. at 145.

Plaintiff's claims center on her contention that actions taken against her while she was employed by defendant were prompted by her need to attend to disabilities she alleged her son suffered in the form of autism, attention deficit/hyperactivity disorder, and bipolar disorder. Her causes of action were stated in the pleading she filed in state court before the action was removed to this court as follows:

V.
DISCRIMINATION AND RETALIATION

> At all times herein relevant, Defendant was an "employer" of Plaintiff and she was an "employee" of Defendant, as these terms are defined in the Texas Commission on Human Rights Act ("TCHRA"), codified at Texas Labor Code Ann. 21.001 *et seq.* and the Americans

> with Disabilities Act ("ADA"), codified at 42 U.S.C.
> § 12101 et seq. In blatant violation of the TCHRA and
> ADA, Defendant engaged in practices towards Plaintiff
> which willfully discriminated against her on the basis
> of her relationship to/association with a disabled
> person, including, but not limited to, the specific
> discriminatory and harassing acts described herein.
> Further, Plaintiff would show that the actions taken
> against her, including her termination, were in
> retaliation for her reporting of and opposition to the
> discriminatory actions taken against her.
> Additionally, Defendant's actions were committed with
> malice and reckless indifference to Plaintiffs rights.
>
> VI.
> FAMILY AND MEDICAL LEAVE ACT VIOLATIONS
>
> At all times herein relevant, Plaintiff was an
> "eligible employee" and Defendant was an "employer" as
> those terms are defined under the Family and Medical
> Leave Act, codified at 29 U.S.C. § 2601, et seq.
> Plaintiff qualified for and requested leave under the
> FMLA. Defendant subsequently interfered with or
> restrained Plaintiffs exercise of her rights under the
> FMLA and/or discriminated and retaliated against her
> for exercising those rights.

Index of Pleadings Filed in State Court, Tab 1 at 11-12.

Defendant moved for summary judgment on both traditional and no evidence grounds. Mot. at 1, ¶ 2; Br. in Supp. of Mot. at 9-10, ¶¶ 25-26. In its brief in support of its motion, defendant asserts that (1) plaintiff has not adduced summary judgment evidence raising issues in support of the basic elements of her pleaded causes of action and (2) the evidence establishes, and plaintiff cannot refute, legitimate discriminatory reasons

3

defendant had for the actions it took in respect to plaintiff's employment by defendant.

II.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of the pleadings, but must set forth

4

specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

## III.

## Analysis

Because the record so clearly establishes that employment actions taken by defendant against plaintiff were based on legitimate, nondiscriminatory reasons as to which plaintiff has offered no evidence of pretext for discrimination, the court will not devote time to defendant's other arguments in support of its motion.

There is an abundance of summary judgment evidence that plaintiff was not performing as a vice president of defendant in multiple respects entirely unrelated to her need to care for a disabled son. She was disrespectful of her supervisor, failed to obey her supervisor's directives, and instructed persons under her supervision to do the same. She used personnel and resources of defendant for her personal benefit, and she engaged in inappropriately abusive conduct toward certain of her subordinates. Her excessive use of alcohol was a problem. Defendant had received strongly worded criticisms of plaintiff from persons who reported to her. The record makes clear that plaintiff had no intention of trying to work with her supervisor on an amicable basis.

In the record is an affidavit of an outside consultant who was working with defendant in certain personnel matters and who had been involved in discussions relative to plaintiff's strengths and weaknesses as a vice president of defendant. The consultant, Ollie Malone, Jr., expressed the following concerns about plaintiff's job performance:

> v. I was present at the "Talent Review" and observed the discussion, including the executive team's discussion of Sanchez. Executive Vice President for Administration and Diversity, Linda Valdez-Thompson ("EVP Thompson") provided a brief introduction of Sanchez. EVP Thompson provided a short overview of Sanchez's performance, and gave Sanchez a moderate, to moderately-low management rating. The executive team then discussed Sanchez's strengths and weaknesses. The discussion of Sanchez revealed several shortcomings with Sanchez's performance as a manager, including ability to work with others, time management, lack of commitment to her position, and the inability to focus on the areas of greatest strategic importance in her department.
>
> vi. The discussion of Sanchez's shortcomings did not surprise me, as I had been working with Sanchez and her staff for some time. In my observation, Sanchez did not satisfy the expectations of a manager. Based on my observations of Sanchez's performance, I was surprised Sanchez held a Vice President position at DFWB. In my opinion, Sanchez repeatedly took advantage of the generosity and leniency of DFWB. Sanchez was difficult to make contact with and repeatedly failed to attend meetings that were critical to my (and her) work with DFWB. Often Sanchez would send her subordinates to attend critical meetings

7

on Sanchez's behalf. In fact, out of all of the meetings (at least 10) that I attended in reference to my work for DFWB, Sanchez's attendance was mandatory for all. However, Sanchez attended only one (1) of the critical meetings, and at that meeting, attended at the very end of the meeting. Sanchez also arrived for work well after normal working hours commenced, and often left early. The work hours Sanchez kept made it difficult tor her to effectively perform her job.

vii. During my work with DFWB I became aware of other instances involving Sanchez's poor judgment and lack of professionalism. For example, I learned that Sanchez consumed alcohol to excess at DFWB related events. On one occasion, Sanchez obtained a room at a hotel where DFWB was hosting an event because of her excessive alcohol consumption. These and other actions demonstrated gross instances of unprofessional conduct, which in my opinion should not be tolerated by a business professional.

. . . .

ix. At the December 7, 2007 meeting, Sanchez made several complaints and allegations against EVP Thompson. Based on my observations and work with Sanchez, I believe Sanchez was attempting to insulate herself from employment disciplinary actions by making allegations against EVP Thompson. My work with both Sanchez and EVP Thompson clearly revealed strong personality differences between the two. Furthermore, it was widely known within DFWB that Sanchez and EVP Thompson had an ongoing conflict. Based on my observations, EVP Thompson was willing to work on the conflict, but Sanchez was not. The conflict between Sanchez and EVP Thompson was related to personality differences, Sanchez's apparent disrespect for EVP Thompson's authority, power struggle, differing management styles and

> Sanchez's inability to work with her staff and her inability to deliver the results needed for her role. At no time prior to December 7, 2007 did Sanchez remotely suggest any allegations of discrimination/retaliation or other improprieties against EVP Thompson.

Mot., App. at 127-28, 129-130.

The consultant summed up his assessment of plaintiff with the following words:

> Based on my observations, Sanchez's unprofessional conduct and performance as a manager provide more than ample reasoning to terminate her employment. In my opinion, due to her employment performance, Sanchez should have been terminated long before she was.

Id. at 130.

Any reasonable finder of fact would make essentially the same findings expressed by the consultant based on a fair appraisal of the summary judgment evidence. Other than conclusions that are not factually supported by probative summary judgment evidence, plaintiff has adduced nothing that suggests that the legitimate nondiscriminatory reasons given for her termination were pretext for discrimination or retaliation. Therefore, defendant's motion is to be granted.

## IV.

## Order

For the reasons given above,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed.

SIGNED August 12, 2010.

_____
JOHN McBRYDE
United States District Judge